[No. 14403. Department Two. May 7, 1918.]

T. K. COURTIS, *Respondent,* v. FREEBURN COAL COMPANY, *Appellant.*[1]

APPEAL — REVIEW — FINDINGS. Findings on conflicting evidence will not be disturbed on appeal where it cannot be said that the evidence does not preponderate against them.

Appeal from a judgment of the superior court for Spokane county, Sullivan, J., entered January 5, 1917, upon findings in favor of the plaintiff, in an action on contract, tried to the court. Affirmed.

*Robertson & Miller,* for appellant.

*Nuzum, Clark & Nuzum* and *Geo. H. Armitage,* for respondent.

PARKER, J.—The plaintiff, Courtis, commenced this action seeking recovery from the defendant company compensation claimed to have been earned by him in the form of commissions agreed to be paid to him for his services in making sales of shares of its capital stock in pursuance of a contract entered into with him. Trial in the superior court for Spokane county sitting without a jury, resulted in findings and judgment in favor of the plaintiff, from which the defendant has appealed to this court.

[1] Reported in 172 Pac. 860.

The contentions here made in appellant's behalf have to do only with questions of fact, (1) as to the making of the contract, and (2) as to whether or not respondent's efforts were the effectual cause of the sales which were proven to have been made. Both of these questions are to be determined from evidence which was almost wholly oral. We have read all the evidence with care. It is in serious conflict in so far as the testimony of interested witnesses is concerned. There was, however, testimony given by one or two disinterested witnesses throwing some light upon both of these questions which we think warranted the trial court in rendering the decision it did. We cannot say that the evidence does not preponderate in support of the trial court's decision. To review the evidence here would be but to discuss it with a view of determining the comparative credibility of the witnesses. This we deem unnecessary. It is not contended that the contract was illegal. Apparently the shares of stock were held by the company under such conditions that it had a lawful right to secure their sale in this manner.

ELLIS, C. J., MOUNT, HOLCOMB, and CHADWICK, JJ., concur.